Slip Op 17-123

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KENT INTERNATIONAL, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES,<br><br>　　　　　　　　Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 15-00135 |

**OPINION and ORDER**

[Defendant's partial motion to dismiss denied.]

Dated: September 8, 2017

Philip Y. Simons and Jerry P. Wiskin, Simons & Wiskin, of So. Amboy, NJ for Plaintiff Kent International, Inc.

Hardeep K. Josan, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant United States. With her on the brief were Chad A. Readler, Acting Assistant Attorney General, Jeanne E. Davidson, Director, Amy M. Rubin, Assistant Director. Of counsel on the brief was Yelena Slepak, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection of New York, NY.

　　　　Gordon, Judge: Before the court is Defendant United States' partial motion to dismiss the second and third causes of action ("Count 2" and "Count 3" respectively) of Plaintiff's complaint pursuant to USCIT Rule 12(b)(6)[1]. Defendant seeks to dismiss Plaintiff's Count 2, which alleges the existence of an established and uniform practice

---

[1] The court renumbered a motion to dismiss for failure to state a claim from USCIT Rule 12(b)(5) to 12(b)(6) in 2015 to bring the USCIT Rules into alignment with the Federal Rules of Civil Procedure.

under Section 315 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1315(d),[2] and Count 3, which alleges the existence of a treatment under 19 U.S.C. § 1625(c) and 19 C.F.R. § 177.12(c)(1)(i). See Def.'s Partial Mot. to Dismiss. at 1, ECF No. 16 ("Def.'s Mot."); see also Compl. ¶¶ 49, 72-74, ECF No. 9. Plaintiff responded and cross-moved to stay consideration of Defendant's motion until the court resolved Plaintiff's first cause of action, a challenge to the classification of the imported merchandise. Pl.'s Cross-Mot. to Stay Def's. Partial Mot. to Dismiss & Pl.'s Opp. to Def.'s Partial Mot. to Dismiss at 2, ECF No. 18. The court denied Plaintiff's motion to stay and reserved decision on Defendant's motion to dismiss. See Kent Int'l Inc. v. United States, 40 CIT ____, 161 F. Supp. 3d 1340 (2016) ("Kent I"). For the reasons set forth below, the court denies Defendant's motion to dismiss Counts 2 and 3 of Plaintiff's complaint.

## I. Background

The background of this litigation is summarized briefly below and provided in detail in Kent I. Plaintiff imported a product known as WeeRide Kangaroo child bicycle seats that U.S. Customs and Border Protection ("Customs") classified under HTSUS subheading 8714.99.80, dutiable at 10% ad valorem. Plaintiff raises three claims in its complaint: (1) that the subject merchandise is properly classifiable under HTSUS subheading 9401.80.40, duty-free;[3] (2) that Customs had an established and uniform practice of classifying child bicycle seats under HTSUS subheading 9401.80; and

---

[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19, U.S. Code, 2012 edition.

[3] If Plaintiff prevails on Count 1, its classification claim, the court may not have to reach either Count 2, the established and uniform practice claim, or Count 3, the treatment claim.

(3) that the imported merchandise is classifiable under HTSUS subheading 9401.80 because Plaintiff is entitled to the same treatment afforded other importers of child bicycle seats pursuant to 19 C.F.R. § 177.12. Compl.

## II. Standard of Review

In deciding a USCIT Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court assumes all factual allegations to be true and draws all reasonable inferences in the plaintiff's favor. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 & n.13 (Fed. Cir. 1993).

A plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

## III. Discussion

Plaintiff alleges that, in 2005, Customs, through its New York Office ("New York Customs"), issued a ruling letter NY L86862 ("2005 Ruling") classifying Plaintiff's imported child bicycle seats under HTSUS heading 8417, dutiable at 10 % ad valorem. Compl. ¶ 21. Plaintiff further alleges that between 2007 and 2011 New York Customs issued other ruling letters to Bell Sports ("Bell Ruling") (2007), Todson Inc. ("Todson Ruling") (2009), and Brix Child Safety Inc. ("Brix Ruling") (2011) (collectively, "Child Bicycle Seat Rulings"), classifying similar imported child bicycle seats under HTSUS

Court No. 15-00135                                                                                    Page 4

heading 9401, duty free. Compl. ¶¶ 22, 29, 35. According to Plaintiff, from Fall 2007 through September 2014, various importers made numerous entries of child bicycle seats, with "some of these entries . . . [occurring] at ports other than those utilized by plaintiff," and that Customs liquidated all of those entries under HTSUS subheading 9401.80, duty free. Id. ¶¶ 39-41, 46.

Plaintiff claims it made a series of entries of the subject merchandise at the Port of Newark ("Newark Customs") that Newark Customs classified under HTSUS subheading 8417.99.00, which, in turn, Kent protested relying on the Bell and Todson Rulings. Id. ¶¶ 23-27, 31-32, 58-63. In conjunction with its protests, Kent also filed two Applications for Further Review ("AFRs"), seeking review by Customs Headquarters ("Headquarters") of its claim for duty free classification. Id. ¶¶ 24-26. Newark Customs approved Kent's first set of protests, but did not refer the first AFR to Headquarters because it failed to meet the applicable criteria for an AFR. Id. ¶¶ 25, 59. Kent further claims that, after approving Plaintiff's first set of protests, Newark Customs agreed to send Kent's second set of protests to Headquarters for review in light of the Bell Ruling. Id. ¶¶ 27-28, 30. Kent further alleges that Newark Customs subsequently advised Plaintiff that its second AFR was sent to Headquarters. Id. ¶¶ 28, 30, 66. Kent also claims that Newark Customs approved Plaintiff's second set of protests, id. ¶ 31, but that Headquarters did not act on the second AFR in light of the approval of the protests by Newark Customs, id. ¶ 68.

Additionally, Plaintiff alleges that it made entries at the Port of Long Beach ("Long Beach Customs"), seeking duty free classification for its subject merchandise. Long

Beach Customs denied Kent's claimed classification, which was protested in early 2011 ("Long Beach protests"). Id. ¶¶ 33-34, 69. In conjunction with its protests, Kent maintains that it filed a third AFR in April 2011, followed by supplemental submissions in 2014, seeking Headquarters' consideration of its duty free claim for the subject merchandise. Id. Plaintiff claims that, in the course of considering the Long Beach protests, Headquarters, in September 2011, advised Plaintiff that the Child Bicycle Seat Rulings were "not correctly decided" and would be revoked in late 2011. Id. ¶ 37. However, revocation did not occur for almost three years until July 2014, when notification of the revocation was published. Id. ¶ 38 (citing 48 Cust. B. & Dec. 29 (July 23, 2014) ("Revocation Ruling")). Thereafter, in February 2015, Customs denied Plaintiff's Long Beach protests and issued HQ Ruling H170637 ("2015 Ruling"), confirming the 2005 Ruling that Kent's child bicycle seats are classifiable under HTSUS 8417.99.00, dutiable at 10% ad valorem. Id. ¶ 69.

　　　For ease of reference, set forth below is a timeline of the key rulings and actions taken by Customs in this action:



## A. Count 2 - Established and Uniform Practice

In Count 2, Plaintiff claims that Customs had "an established and uniform practice of classifying [child] bicycle seats under HTSUS subheading 9401.80." Id. ¶ 49. Under 19 U.S.C. § 1315(d), Customs cannot increase duties when an established and uniform practice ("EUP") exists either when there is (1) a declared EUP or (2) a "de facto" EUP. A declared EUP exists by virtue of a formal administrative declaration. Weslo, Inc. v. United States, 29 CIT 52, 56, 358 F. Supp. 2d 1306, 1310 (2005). Absent that formal declaration, the court may find the existence of a "de facto" EUP when an importer can demonstrate that Customs made actual uniform liquidations over time. Id. (citing Heraeus-Amersil, Inc. v. United States, 8 CIT 329, 333, 600 F. Supp. 221, 225 (1984)). Plaintiff does not allege the existence of a formal declared EUP, but rather the existence of a "de facto" EUP. To meet the plausibility standard, Plaintiff must allege facts of an established and uniform classification that would cause an importer, "in the

absence of notice that a change in classification will occur," to reasonably expect adherence to that classification. Heraeus-Amersil, Inc. v. United States, 9 CIT 412, 416, 617 F. Supp. 89, 93 (1985), aff'd, 795 F.2d 1575 (Fed. Cir. 1986). Factors that suggest the existence of a "de facto" EUP include: (1) a high number of entries resulting in the alleged uniform classifications, (2) a high number of ports at which the merchandise was entered, (3) an extended period of time over which the alleged uniform classifications took place, and (4) a lack of uncertainty regarding the classification over time. Id., 9 CIT at 415-16, 617 F. Supp. at 93.

Turning to these four factors, Kent alleges that Customs classified numerous entries of child bicycle seats, duty free, under HTSUS subheading 9401.80 for multiple importers at multiple ports, other than the ports utilized by the Plaintiff. Compl. ¶¶ 39-41, 46. Plaintiff further alleges that over a seven year period—between 2007 and 2014—Customs classified child bicycle seats for Bell, Todson, and Brix under HTSUS heading 9401, duty free. Id. ¶¶ 22, 29, 35, 47. Kent also claims that, despite the 2005 Ruling, Customs granted Kent's protests for duty free classification for the Newark entries of its imported merchandise, but failed to grant Kent the same classification for its Long Beach entries. Id. ¶¶ 48, 58, 60, 69. It is true that Plaintiff has not alleged a specific number of entries and has not identified a specific number of ports, other than Newark and Long Beach. Nevertheless, the court can reasonably infer from these allegations that there were more than a small number of entries of child bicycle seats imported by Kent and others at more than two ports over a more than just a few years. As to the final

factor, it appears that Plaintiff has alleged the existence of a series of rulings and actions by Customs on protests that reflect uncertainty as to the correct classification of imported child bicycle seats.

Therefore, Plaintiff's allegations set forth in Count 2 contain sufficient factual matter, taken as true, of the plausibility of a claim for an established and uniform practice. Whether Plaintiff can prove the existence of the EUP is a different matter.

### B. Count 3 - Treatment

In Count 3, Plaintiff claims that Customs established a "treatment" with regard to imports by Bell, Todson, and Brix, liquidating their entries duty-free under HTSUS subheading 9401.80. Plaintiff further alleges that because of that "treatment" Customs should have liquidated Plaintiff's entries in the exact same manner—duty free. Compl. ¶ 74.

The concept of a "treatment" is found in 19 U.S.C. § 1625(c), which provides, in relevant part:

> A proposed interpretive ruling or decision which would—
>
>> (2) have the effect of modifying the treatment previously accorded by the Customs Service to substantially identical transactions;
>
> shall be published in the Customs Bulletin. The Secretary shall give interested parties an opportunity to submit, during not less than the 30-day period after the date of such publication, comments on the correctness of the proposed ruling or decision. After consideration of any comments received, the Secretary shall publish a final ruling or decision in the Customs Bulletin within 30 days after the closing of the comment period. The final ruling or decision shall become effective 60 days after the date of its publication.

19 U.S.C. § 1625(c)(2).

While the term "treatment" is not defined in § 1625, the implementing regulation provides guidance on what constitutes a "treatment:"

> (c) Treatment previously accorded to substantially identical transactions -
>
> (1) General. The issuance of an interpretive ruling that has the effect of modifying or revoking the treatment previously accorded by Customs to substantially identical transactions must be in accordance with the procedures set forth in paragraph (c)(2) of this section. The following rules will apply for purposes of determining under this section whether a treatment was previously accorded by Customs to substantially identical transactions of a person:
>
> (i) There must be evidence to establish that:
>
> (A) There was an actual determination by a Customs officer regarding the facts and issues involved in the claimed treatment;
>
> (B) The Customs officer making the actual determination was responsible for the subject matter on which the determination was made; and
>
> (C) Over a 2-year period immediately preceding the claim of treatment, Customs consistently applied that determination on a national basis as reflected in liquidations of entries or reconciliations or other Customs actions with respect to all or substantially all of that person's Customs transactions involving materially identical facts and issues;
>
> (ii) . . .
>
> (iii) . . .
>
> (iv) . . .

19 C.F.R. § 177.12(c)(1) (2014). For Customs to modify a "treatment" previously accorded to substantially identical transactions, it must subject the modifying interpretive ruling or decision to the notice and comment process. Id. § 177.12(c)(2).

To ultimately prevail on its claim of a treatment, Kent must establish, at least, the following: (1) that there was a treatment previously accorded by Customs, meaning it must show what specific entries of the subject merchandise were previously classified under the desired tariff provision; (2) that the subject entries are "'substantially identical transaction[s]'" to the previous treatment; (3) that Customs has made a "'proposed interpretive ruling or decision'" that would have the effect of modifying the previous treatment with respect to the entries in question; and (4) that the proposed interpretive ruling or decision violated the notice and comment requirements of this statute. Kahrs Int'l, Inc. v. United States, 33 CIT 1316, 1354, 645 F. Supp. 2d 1251, 1286 (2009) (quoting 19 U.S.C. § 1625(c)(2)).

Again, in order for Count 3 to survive a motion to dismiss, Plaintiff must make sufficient factual allegations to plausibly establish on its face each element of a claim of treatment. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("A claim has facial plausibility when the pleaded content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, the court will examine Plaintiff's allegations in light of each of those elements.

### i. The Existence of a Treatment

"[Plaintiff] must demonstrate there was a 'treatment previously accorded by . . . Customs . . . .' [19 U.S.C.] § 1625(c)(2). That is, it must show what specific entries of [Plaintiff's] products were previously classified under the desired tariff subheading . . . ."

Kahrs Int'l, 33 CIT at 1354, 645 F. Supp. 2d at 1286. Therefore, to survive Defendant's motion to dismiss, the court must find that Plaintiff has pled sufficient facts to plausibly claim that the duty-free rate accorded to other child bicycle seats resulted from an actual determination by Customs, and that this determination was consistently applied on a national basis over a two-year period immediately preceding the claim of treatment. 19 C.F.R. § 177.12(c)(1)(i).

Plaintiff alleges that Customs liquidated the entries of three other importers of substantially identical child bicycle seats at a duty-free rate for years, between September 21, 2007 and September 22, 2014. Compl. ¶¶ 52-57. The alleged treatment ended on September 22, 2014, the effective date of Customs' Revocation Ruling. Plaintiff alleges that Bell, Todson, and Brix made entries "at ports other than those utilized by Plaintiff." Id. ¶¶ 39-41. Plaintiff also alleges that, while it was "required to enter its child bicycle seats under HTSUS subheading 8714.99.00, because it had to follow . . . [the 2005 Ruling]," it successfully protested those decisions with Newark Customs. Id. ¶¶ 53, 58, 60.

Therefore, although the factual allegations in Count 3 are not perfectly clear, it appears that Plaintiff is claiming that Customs accorded duty-free treatment to children's bicycle seats between September 21, 2007 (at the latest), and September 22, 2014, as evidenced by the Child Bicycle Seat Rulings and subsequent liquidation of duty free entries for Plaintiff by Newark Customs, and for Bell, Todson, and Brix at other ports. It also appears that Plaintiff's requested relief is the duty-free reliquidation for its entries

from (at the latest) September 21, 2007 through September 22, 2014 by Long Beach Customs.

    Defendant does not dispute that the Child Bicycle Seat Rulings constituted actual determinations by Customs. Rather, Defendant argues that "Kent simply cannot produce [sufficient] evidence" to prove that Customs made an actual determination and consistently applied that determination on a national basis over the two-year period immediately preceding the claim of treatment. Def.'s Mot. at 9. Defendant's argument is premature. Kent, as the non-moving party in a motion to dismiss, does not have to produce any evidence. Factual allegations that state a claim that is facially plausible are sufficient. Here, Plaintiff has pled that multiple entries (those of the three other companies plus Plaintiff's Newark entries) were liquidated duty-free, at a number of ports, for a number of years, and that a fifth set (Plaintiff's Long Beach entries) was not accorded the same treatment.

    Defendant argues that "a prior interpretive ruling cannot constitute a treatment." Id. at 10. This misses the mark because Plaintiff's claim is about the treatment that was afforded to other importers after the 2005 Ruling. Likewise, Defendant's argument that the 2005 Ruling was "affirmed" in 2015, id., is unavailing because Plaintiff's claim is that duty-free treatment of children's bicycle seats came into being on or before September 21, 2007 and ended on September 22, 2014. Notwithstanding either the 2005 or the 2015 Ruling, Plaintiff has pled sufficient facts to have the opportunity to prove that a treatment existed for some period of time within that 10-year period.

### ii. Substantially Identical Transactions

For the second element, "Plaintiff must prove that the subject entries . . . are substantially identical transaction[s] to the previous treatment." Kahrs Int'l, 33 CIT at 1354, 645 F. Supp. 2d at 1286 (citation omitted). Plaintiff details the exact nature of the child bicycle seats it imports, and alleges that its "child bicycle seats are substantially identical in all material aspects to those imported by Bell Sports, Todson Inc., and Brix Child Safety Inc.," the importers who received the treatment Plaintiff now claims. Compl. ¶ 57. Defendant does not contest this. Therefore, Plaintiff has pled sufficient facts to plausibly raise a claim of substantial similarity.

### iii. Modification of Treatment

Regarding the third element, "Plaintiff must prove that Customs has made a proposed interpretive ruling or decision that would have the effect of modifying the previous treatment with respect to the entries in question." Kahrs Int'l, 33 CIT at 1354, 645 F. Supp. 2d at 1286 (citation omitted). Plaintiff alleges that "[f]rom September 21, 2007 to September 22, 2014, Plaintiff was not given the same treatment as other importers of child bicycle seats." Compl. ¶ 52. Again, Defendant does not contest this allegation. Accordingly, Plaintiff's complaint contains sufficient allegations to plausibly raise the claim that its entries were not accorded the benefit of that treatment.

### iv. Violation of Notice and Comment Requirements

As to the fourth element, "Plaintiff must demonstrate that the proposed interpretive ruling or decision violated the notice and comment requirements of this statute." Kahrs Int'l, 33 CIT at 1354, 645 F. Supp. 2d at 1286 (citation omitted).

The notice and comment requirement is triggered whenever Customs issues "interpretive rulings, ruling letters, internal advice memoranda, protest review decisions, or decisions that are the functional equivalent of interpretive rulings or decisions." <u>Id.</u>, 33 CIT at 1353, 645 F. Supp. 2d at 1285. Neither party specifically addresses this element in their memoranda on the motion to dismiss. And although Plaintiff's complaint is not a paragon of clarity, Count 3 contains sufficient factual allegations to permit the court to infer that Plaintiff's Long Beach entries, which occurred during the existence of the alleged treatment, were treated differently, without the benefit of the notice and comment process as required by 19 C.F.R. § 177.12(c)(2). <u>See</u> Compl. ¶¶ 72-74.

Taking Plaintiff's claims as true and drawing all reasonable inferences in Plaintiff's favor, the court concludes that Plaintiff's complaint contains sufficient factual allegations to entitle it to proceed to the court's consideration of the merits of Count 3. It remains to be seen whether Plaintiff can prove the existence of a treatment under 19 U.S.C § 1625(c).

Accordingly, it is hereby

**ORDERED** that Defendant's motion to dismiss Counts 2 and 3 of Plaintiff's complaint is denied; it is further

**ORDERED** that Defendant shall file its answer to Plaintiff's complaint on or before November 7, 2017; and it is further

Court No. 15-00135                                                                                      Page 15

      **ORDERED** that the parties shall file a proposed scheduling order for the taking of discovery and the disposition of this action on the merits on or before November 21, 2017.

<u>    /s/ Leo M. Gordon    </u><br>
Judge Leo M. Gordon

Dated:   September 8, 2017
            New York, New York